W. H. DICKERSON *v.* LEWIS T. THOMAS.

CHANCERY PRACTICE. *Mortgagee in possession. Bill to redeem. Possession.*

> Where relief is granted a complainant, setting aside a conveyance and for a moneyed decree on an accounting against the defendant, and on appeal the decree is reversed as to the latter but affirmed in so far as the conveyance is vacated—the defendant being held a mortgagee in possession, with the right of complainant to redeem—after the cause is remanded, it is error to grant a writ of assistance putting complainant in possession of the property in advance of a decree settling the account.

FROM the chancery court of Coahoma county.

HON. W. R. TRIGG, Chancellor.

The appellee, Thomas, exhibited the bill in this case to cancel a conveyance of a plantation and certain personal property made by him to the appellant, Dickerson, who had been placed in possession of the property. The bill alleged that the conveyance was obtained through fraud and misrepresentation ; that the consideration was an indebtedness claimed to be due the defendant, but which was in great part usurious, and that complainant was entitled to large credits that had not been given. The bill prayed for an accounting and for the cancellation of the conveyance and a decree over against the defendant for a balance claimed to be due. The defendant answered denying the allegations of the bill, except as to some items of usury, which, it was claimed, would not materially change the result of an accounting between the parties. On final hearing the conveyance was vacated and a decree over for $12,291.12 was entered against the defendant. On appeal, this decree was reversed and the cause remanded. For a full report of the case, see 67 Miss. 777.

After pointing out various errors as against the defendant in the accounting, this court on the former appeal concluded its opinion

as follows : " We affirm so much of the decree of the court as vacates the conveyance and directs the taking of the account. The specific instruction of the chancellor directing the commissioner to disallow the item of $614 charged on the account of 1878, and the item of April 11, 1884, charged as 'invoice of goods about $200,' is approved. Except as specifically referred to in this opinion, the matters involved are not decided. Reversed and remanded."

After the cause was remanded and before any further proceedings were had, on motion of complainant, an order was entered by the court below directing the issuance of a writ of assistance within ten days to put complainant into the immediate possession of the property described in the conveyance. The defendant excepted to the action of the court in granting this order, and prosecuted an appeal therefrom.

*Calhoon & Green,* for appellant.

We construe the former opinion of this court to mean that upon the record as then presented, the court approved the finding of the chancellor whereby the conveyance was set aside. The decree was reversed and the cause was remanded to be tried anew, with the burden on complainant of proving his case. The opinion of the court, taken as a whole, condemns the result reached and the method by which it was reached, and yet a mere expression at the end of the opinion was so construed by the chancellor as to negative the reasoning and conclusions of this court. The whole decree was reversed on the former appeal, and the cause was remanded for further proof. Without any further proof, and without opportunity therefor, the chancellor adjudged the conveyance fraudulent and placed complainant in possession ; this we submit was error.

*D. A. Scott,* on the same side.

*Cutrer & Cutrer,* for appellee.

It is imposssble to escape the conclusion that in entering the order for the delivery of possession to appellee, the chancellor was putting into effect the final decree for cancellation that he had made on the final hearing, and also the judgment of this court in expressly affirming that decree. The effect of the order is to restore the status of

the parties, as nearly as may be, as it existed when the deed which Dickerson had fraudulently obtained from the complainant was executed, the rights of the parties being entirely unaffected otherwise. Unless appellant shall expect this court to reverse both itself and the lower court, acting in accordance with the mandate herein, he can have no standing on this appeal. The brief filed by opposite counsel does not suggest such a course, and we are left to conclude that there is no merit in the *request* for a reversal.

WOODS, C. J., delivered the opinion of the court.

In reversing the former decree of the chancery court in this cause, at the April term, 1890, we declared, in concluding our opinion, that *we affirmed so much of the decree reversed as vacated the conveyance from Thomas to Dickerson and directed the taking of the account.* This affirmance of the decree, in so far as it vacated the conveyance named and directed the taking of the account, had the effect of leaving the appellant in the situation in which he was then found—that of a mortgagee in possession—with the right of the mortgagor to redeem, if, upon accounting, anything was found to be due upon the mortgage debt.

Under our former opinion, the court below should have remanded the cause to rules for the taking of further proof with a view to determining the true state of the account between the parties, antecedent to any other proceedings.

*Reversed and remanded.*